IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MICHAEL SPRACKLEN §<br>§<br>Plaintiff, §<br>§<br>VS. §<br>§<br>REI CO-OP A/K/A RECREATIONAL §<br>EQUIPMENT, INC. §<br>§<br>Defendant. § | Case No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MICHAEL SPRACKLEN, (hereinafter referred to as "Plaintiff"), and respectfully file this Original Complaint against REI CO-OP A/K/A RECREATIONAL EQUIPMENT, INC.  (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

**I.  Parties**

1. Plaintiff MICHAEL SPRACKLEN is a citizen of and resides in Dallas, Dallas County, Texas.

2. Defendant REI CO-OP A/K/A RECREATIONAL EQUIPMENT, INC. is a foreign corporation organized and existing according to the laws of the State of Washington, but doing business in the State of Texas at all times material hereto. Service of process upon this Defendant may be had by serving the registered agent for service, Corporate Creations Network, Inc., at 2425 W. Loop South #200, Houston, Texas 77027.

## II. Subject Matter Jurisdiction

3. This Court has subject-matter jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

4. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## III. Facts

5. On or about March 22, 2018, Michael Spracklen was shopping in an REI Co-op store, specifically Store # 95, in Plano, Collin County, Texas.

6. Mr. Spracklen was interested in a cot and noticed a Kingdom Cot set up as a display in the store.

7. It appeared the display cot was in place to entice customers into becoming interested in the cot. This worked because Mr. Spracklen decided to try out the cot for comfort.

8. The Kingdom Cot markets itself as a cot "fully padded" with "plush support" and "steel tubing" which "delivers superb strength." The marketing adds the cot has a "rugged powder coated frame" which "holds up to years of use", and also stating, "3 sets of legs provide excellent support and strength to hold up to 300 lbs."

9. When Mr. Spracklen began to sit on the cot, it gave way causing the frame to trap his finger and rip off the index finger of his left hand from approximately the top knuckle upwards.

10. It is understood that Defendant REI CO-OP A/K/A RECREATIONAL EQUIPMENT, INC. is responsible for the design, manufacturing, testing, marketing and assembly of the cot in question.

11. Defendant REI CO-OP A/K/A RECREATIONAL EQUIPMENT, INC. is also responsible for setting up the display in the store, including the display of the cot in question.

### IV. Cause(s) of Action as to Defendant Rei CO-OP a/k/a Recreational Equipment, Inc.

12. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its products, such as occurred herein, would on occasion take place during the normal and ordinary use of said Cot.

13. The injuries and damages complained of herein occurred because the Cot in question was not reasonably fit for unintended, but clearly foreseeable accidents and incidents. The Cot in question was unreasonably dangerous in the event it should be involved in an incident such as described above.

14. Defendant designed, manufactured, marketed, assembled, and/or tested said Cot in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the Cot was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because of the following non-exhaustive list defects:

    a. the frame of the cot is weak, inferior and/or unstable;
    b. the frame of the cot incorporates hinges which are weak, inferior and/or unstable;
    c. the frame of the cot failed to withstand the weight of a person under the prescribed maximum weight;
    d. the cot frame failed to incorporate safety mechanisms to prevent unintended folding of the cot;
    e. the cot violated principles of engineering;
    f. Defendant failed to conduct any type of engineering analysis and testing that evaluated how the cot would perform under dynamic loading; and
    h. the cot violates principles of risk versus utility as well as consumer expectation.

PAGE 3 OF 5

15. Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the Cot in question.

16. Defendant was additionally negligent in setting up the display, and was negligent in the maintenance of the cot and assembly of the cot in the store for display to customers.

17. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

18. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Plaintiff Michael Spracklen's serious, debilitating and permanent injuries.

## V.  Damages to Plaintiff

19. As a result of the acts and/or omissions of Defendant, Michael Spracklen, has suffered physical pain and mental anguish in the past, physical pain and mental anguish that in the future, disfigurement sustained in the past and future, physical impairment in the past and future, and loss of earning capacity in the future.

20. As a result of the acts and/or omissions of Defendant, Plaintiff Michael Spracklen has become obligated to pay necessary and reasonable medical expenses in the past and will, in all likelihood, into the future for his injuries realized in this incident.

21. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiff Michael Spracklen, have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. JURY DEMAND

22. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and respectfully demands, in accordance with Federal Rule of Civil procedure 38, a trial by jury on all issues.

## VII.  CONCLUSION AND PRAYER

23. For the reasons presented herein, Plaintiff prays that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

    a.    actual damages;
    b.    economic and non-economic damages;
    c.    prejudgment and post-judgment interest beginning March 22, 2018;
    d.    costs of suit; and
    e.    all other relief, general and special, to which Plaintiff is entitled to at law and/or equity, and/or which the Court deems proper.

Respectfully submitted,

  /s/ Stewart D. Matthews
Stewart D. Matthews
State Bar No. 24039042
Attorney@accidentlawyer.legal
1905 W. Ennis Avenue
Suite 506
Ennis, Texas  75119
(972) 398-6666 – Phone
(214) 206-9991 – Fax

**Attorney for Plaintiff**